UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD WADE FARLEY,

    Petitioner,

    v.

RON DAVIS, Warden, San Quentin State Prison,

    Respondent.

Case No. 16-cv-4443-PJH

<u>DEATH PENALTY CASE</u>

**ORDER GRANTING EQUITABLE TOLLING**

## INTRODUCTION

Petitioner, a condemned inmate at San Quentin State Prison, filed a motion on January 17, 2017, requesting equitable tolling of the one-year statute of limitations applicable to federal habeas petitions. Respondent objects to any grant of equitable tolling. The Court has read the relevant briefing and for the reasons outlined below, equitable tolling is GRANTED.

## BACKGROUND

In 1991, petitioner was convicted in Santa Clara County Superior Court of seven counts of first-degree murder, five counts of attempted murder, one count of assault with a firearm, one count of second-degree burglary, and one count of felony vandalism for a shooting at his former workplace, Electromagnetic Systems Laboratory. The jury found true the special circumstance allegations that six of the murders were committed while Farley was engaged in the commission or attempted commission of a burglary and that Farley was convicted of at least one crime of first-degree murder and one or more crimes

1  of first- or second-degree murder.  The jury sentenced him to death on January 22, 1992.

2  The California Supreme Court affirmed petitioner's conviction and death sentence.
3  *People v. Farley*, 46 Cal. 4th 1053 (2009), rehearing denied on August 19, 2009.  The
4  United States Supreme Court denied certiorari on January 25, 2010.  *Farley v. California*,
5  559 U.S. 907 (2010).

6  While his direct appeal was still pending, Farley filed a state habeas petition in the
7  California Supreme Court.  The petition was denied on January 20, 2016.  Mot. for Eq.
8  Tolling at 3.

9  Farley filed a request for appointment of federal habeas counsel and stay of
10 execution in this Court on August 5, 2016.  This request was granted.  ECF Doc. No. 5.
11 His case was referred to the Selection Board for recommendation of counsel.  Counsel
12 were appointed on August 22, 2016.  Farley requests tolling of the 198-day period
13 (January 20, 2016 until August 5, 2016) from when the California Supreme Court denied
14 his state habeas petition and when his federal habeas proceeding was initiated.  Farley
15 cites his state habeas counsel's negligence in requesting the appointment of counsel in
16 the current proceeding as the basis for his motion.

17 **LEGAL STANDARD**

18 The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-
19 year deadline for an application for writ of habeas corpus.  See 28 U.S.C. § 2254(d)(1).
20 The one-year limitations period begins to run on "the date on which the judgment became
21 final by the conclusion of direct review or the expiration of the time for seeking such
22 review."  28 U.S.C. § 2244(d)(1)(A).  "Direct review" concludes when the United States
23 Supreme Court denies a petition for certiorari or the time for seeking certiorari review
24 expires.  *Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999).  In Farley's case, the one-year
25 period began to run from "the date on which the judgment became final by the conclusion
26 of direct review."  28 U.S.C. § 2244(d)(1)(A).  Farley's limitations period was statutorily
27 tolled during the pendency of his state habeas petition.  28 U.S.C. § 2244(d)(2).  His state
28 habeas petition was filed prior to the conclusion of direct review and was denied on

January 20, 2016.  Mot. for Eq. Tolling at 3.  Thus, absent tolling, in order to have submitted a timely application, petitioner must have filed a federal habeas petition no later than January 19, 2017.

## DISCUSSION

### 1. The Filed Protective Petition Does Not Preclude Equitable Tolling

Farley actually did file a federal petition for writ of habeas corpus on January 17, 2017.  However, he seeks the equitable tolling time in order to continue investigation and to file a complete, finalized petition.  He argues that state habeas counsel's negligence deprived him of the effective assistance of federal habeas counsel in preparing his federal petition.  Reply at 4-5.

Respondent Ron Davis argues that because Farley did file a timely habeas petition that equitable tolling is unnecessary and inapplicable.  Opp. at 4-5.  He adds that there are other mechanisms by which Farley can amend his petition should continued investigation result in the need to do so.  *Id.* at 5-6.

Neither party presents a case that has resolved this issue.  Davis cites to *Holland v. Florida*, 560 U.S. 631, 649 (2010), which provides equitable tolling of the one-year statute of limitations when a petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and *prevented timely filing*" (emphasis added).  Davis also relies on *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002), to support his assertion that equitable tolling is unavailable when a petition is filed within the statute of limitations.  As noted by Farley, neither of the cases relied on by Davis address the present situation where a protective petition is filed pending a ruling on the application for equitable tolling.

Farley points to *Friend v. Davis*, No. 15-cv-03514-HSG (ECF No. 27 at **3-4) (N.D. Cal. Sept. 2, 2016), to assert that this Court has considered such circumstances and determined that equitable tolling applies even when a timely petition is filed.  While a protective petition was filed in that case, the timely filing was not a major basis for the respondent's challenge and, thus, the order granting equitable tolling does not address

this question.

In capital cases, an indigent petitioner has a statutory right to counsel, which includes the right to legal assistance in the preparation of a habeas petition. *See* 18 U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 856-57 (1994). The Supreme Court has observed that given the complex nature of capital habeas proceedings and the seriousness of the possible penalty, an attorney's assistance in preparing a habeas petition is crucial. *McFarland*, 512 U.S. at 855-56. In particular, "the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *Id.* at 858.

Because of state habeas counsel's misrepresentations, discussed in detail below, Farley was denied the benefit of federal habeas counsel's meaningful research and claim preparation for more than half of his statutory tolling period. The remedy here is an equitable one meant to give petitioners the benefit of the time in which they have to prepare and file a full and complete petition. "Equitable tolling also serves to 'prevent the unjust technical forfeiture of causes of action.'" *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008), citing *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004).

It is not uncommon in capital habeas proceedings for petitioners to file an initial or protective petition prior to filing the finalized petition envisioned by Local Rule 2254-28. Farley's counsel acted responsibly in filing a protective petition while waiting for the Court to rule on their request for equitable tolling. It would not be in petitioners' best interests to require attorneys to miss the statute of limitations in hopes that the Court rules in their favor on motions for equitable tolling. Other districts have agreed. *See, e.g., Jurado v. Wong*, 2009 WL 3320494 (S.D. Cal. October 14, 2009).

A review of the present matter demonstrates that it has an extremely voluminous record and is extraordinarily complex. Considering the size and complexity of the record along with Farley's right to the assistance of counsel in preparing a petition, the Court finds that Farley will require the full year of the limitations period to prepare and file a finalized petition, which is the petition that he is statutorily entitled to file.

This does not mean, however, that Farley is entitled to have his motion granted in full.  The Court's equitable powers are broad, but they must be used on a "case-by-case basis."  *Holland*, 560 U.S. at 649-50.  There is no need for equitable tolling for otherwise timely claims, such as claims that also appear in the protective petition if they were thereby rendered timely, or claims that relate back to timely claims in that petition. Farley is entitled to equitable tolling only for claims in the finalized petition that are not otherwise timely.

### 2. State Habeas Counsel's Behavior Constituted Extraordinary Circumstances Beyond Farley's Control

Although equitable tolling will not be available in most circumstances, it may be appropriate where external forces, rather than a petitioner's lack of diligence, account for failure to file a timely claim.  *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  While attorney negligence is ordinarily insufficient to warrant equitable tolling, "there are instances in which an attorney's failure to take necessary steps to protect his client's interests is so egregious and atypical that the court may deem equitable tolling appropriate."  *Ford v. Hubbard*, 330 F.3d 1086, 1106 (9th Cir.2003).

Here, Farley's state habeas counsel was tasked with sending Farley the various forms to initiate Farley's federal habeas proceeding.  Joseph Schlesinger, the Executive Director of California Appellate Project (CAP), the organization tasked with coordinating with state habeas counsel to ensure a smooth and timely transition between state and federal habeas litigation, stated that on February 2, 2016, Farley's state habeas counsel affirmed that he would send federal habeas-initiating documents to Farley for signing. Mot. for Eq. Tolling, Ex. A at 3.  State habeas counsel failed to do so and Schlesinger followed up with him on May 12, 2016 to inquire about the status of the forms.  *Id.*  Again, state habeas counsel averred that he would send them, indicating that he intended to do so within a day or so.  *Id.*  He did not send the documents.  *Id.*  On June 27, Schlesinger sent a message to state habeas counsel emphasizing that more than five months of the limitations period had elapsed.  *Id.*  State habeas counsel, an experienced practitioner,

assured Schlesinger the documents would go to Farley the next day. *Id.* at 4. Nearly a month later, Farley sent a letter to Schlesinger to say that he had received the documents and would send them to Schlesinger as soon as he had an updated trust statement. *Id.*

Despite taking more than half of the limitations period to send key documents to Farley, state habeas counsel maintained some level of communication with him during this time period. Records submitted with the reply show that on April 8, 2016, Farley requested that state habeas counsel send correction tape to the prison. Reply, Ex. A at 2. Farley sent a letter thanking counsel for the correction tape on May 5. *Id.* at 3. It appears from Farley's letters that in addition to failing to send the forms to initiate the federal habeas proceeding, counsel either did not send a copy of the California Supreme Court denial to Farley, or did so quite belatedly. Moreover, counsel did not explain the ramifications of the order or the next steps. As late as August 2, 2016, Farley was still unsure whether state habeas counsel would continue to represent him in the federal proceeding. *Id.* at 4.

An experienced habeas practitioner, which one must be to be appointed to a capital habeas proceeding in California, knows that the AEDPA statute of limitations begins running the day after the state court denial of the habeas petition. Farley's state habeas counsel was reminded multiple times by Schlesinger that the documents needed to be sent to Farley and counsel stated that he would do so within a day or two. Yet, for approximately six months, the only thing counsel appears to have sent to Farley was correction tape and possibly the California Supreme Court order denying Farley's state habeas petition. This behavior falls well outside the scope of ordinary negligence and constitutes an extraordinary circumstance beyond Farley's control.

**3. Farley Has Demonstrated Reasonable Diligence in Pursuing His Rights**

Davis asserts that equitable tolling should be denied because Farley has failed to show that he has pursued his rights with reasonable diligence. Opp. at 7. Davis argues that Farley offered nothing in his motion to show that he personally attempted to pursue his federal habeas petition and only provided documentation as to CAP's supervision. *Id.*

As noted, in his reply, Farley offers three letters to show that he remained engaged in following up with his state habeas counsel regarding next steps and ensuring that his federal petition was filed.  Reply, Ex. A.  His first correspondence was sent on April 8, just over two months after the denial of his state petition and noted that the attorney said he would advise Farley of the next steps and had yet to do so.  *Id.* at 2.  Farley has shown that he personally and with reasonable diligence pursued his rights.

## CONCLUSION

The Court concludes that Farley has been pursuing his rights diligently, and state habeas counsel's affirmative misrepresentations regarding the delay in sending the necessary documents to Farley to initiate the present action prevented the timely filing of a finalized petition.  The Court, therefore, grants Farley's request for equitable tolling as to any claims in the finalized petition that would be rendered untimely without tolling.  Farley shall file his finalized petition on or before **August 3, 2017**.

**IT IS SO ORDERED.**

Dated:  February 17, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge