UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD W. FARLEY,<br>    Petitioner,<br>    v.<br>RON DAVIS,<br>    Respondent. | Case No. 16-cv-04443-PJH<br><br>**ORDER DENYING MOTION TO SEAL AND GRANTING REQUEST FOR PRODUCTION OF RECORDS**<br><br>**RE: DKT. NOS. 37, 38** |

Pending before this Court are Farley's notice of missing documents and unopposed motion to seal two exhibits filed with the amended petition for writ of habeas corpus. ECF Doc. Nos. 37, 38. For the foregoing reasons, the request for production by Davis is GRANTED and the motion to seal is DENIED.

**BACKGROUND**

In 1991, petitioner was convicted in Santa Clara County Superior Court of seven counts of first-degree murder, five counts of attempted murder, one count of assault with a firearm, one count of second-degree burglary, and one count of felony vandalism for a shooting at his former workplace, Electromagnetic Systems Laboratory. The jury found true the special circumstance allegations that six of the murders were committed while Farley was engaged in the commission or attempted commission of a burglary and that Farley was convicted of at least one crime of first-degree murder and one or more crimes of first- or second-degree murder. The jury sentenced him to death on January 22, 1992. The California Supreme Court affirmed petitioner's conviction and death sentence. *People v. Farley*, 46 Cal. 4th 1053 (2009), rehearing denied on August 19, 2009. The

1 United States Supreme Court denied certiorari on January 25, 2010. *Farley v. California*, 559 U.S. 907 (2010).

While his direct appeal was still pending, Farley filed a state habeas petition in the California Supreme Court. The petition was denied on January 20, 2016. Mot. for Eq. Tolling at 3.

Farley filed a request for appointment of federal habeas counsel and stay of execution in this Court on August 5, 2016. This request was granted. ECF Doc. No. 5. His case was referred to the Selection Board for recommendation of counsel. Counsel were appointed on August 22, 2016. Farley obtained 198 days of equitable tolling in which to file an amended petition for writ of habeas corpus, which he filed on August 3, 2017. ECF Doc. No. 36. Along with that petition, Farley filed a motion to seal Exhibit 4, which contains "graphic photographs of the victims and their clothing," and Exhibit 5, a previously sealed transcript of an exchange between the trial court and a subsequently dismissed juror. Dec. Supporting Mot. to Seal at 1-2. Davis has filed no opposition to this motion.

## LEGAL STANDARD

Farley seeks to seal Exhibits 4 and 5 to the Amended Petition for Writ of Habeas Corpus. Farley asserts that Exhibit 4 should be sealed because it contains graphic photos of the victims and sealing would protect their privacy. Exhibit 5, he says, should be sealed because the transcript was sealed in the trial court. Davis has not filed a statement of opposition.

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc's Inc.*, 435 U.S. 589, 597 & n.7 (1978). But this right is not absolute. To balance the competing interests of the public's right of inspection against litigants' need for confidentiality, a party seeking to file under seal matters related to dispositive motions must provide "compelling reasons" to do so; similarly, a party seeking to file under seal matters related to non-dispositive motions must provide "good cause" to do so.

2

*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

## DISCUSSION

Farley argues that while compelling reasons exist, he need only show good cause to seal the exhibits because neither exhibit relates to a dispositive motion in the trial court. Dec. to Support Mot. to Seal at 3. Farley misunderstands *Kamakana*. He has submitted exhibits 4 and 5 to support claims 6(I) and 5, respectively, in his petition for writ of habeas corpus, a dispositive motion. *See Kamakana*, 447 F.3d at 1180 ("[W]e treat judicial records *attached to dispositive motions* differently from records attached to non-dispositive motions." (Emphasis added)).

To make a showing of compelling reasons sufficient to warrant sealing Exhibits 4 and 5, Farley must articulate those reasons and then support them with specific factual findings. *Id.* at 1178, quoting *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003). Farley has failed to offer any specific factual findings, aside from the fact that Exhibit 5 was sealed in the trial court in 1991, nearly thirty years ago. He does not indicate that Exhibit 4 was ever sealed in the trial court and the exhibit itself indicates it appeared unsealed as trial exhibit 19c.

With respect to Exhibit 4, Farley has not provided any factual or legal basis to support sealing the photographs. While they are indeed graphic images of multiple murder victims, these photographs appear to have been a part of the public record in the trial and state habeas proceedings, which lasted for nearly thirty years. He does not articulate a reason why they now need to be protected from public purview.

Regarding Exhibit 5, Farley has not articulated "facts identifying the interests favoring continued secrecy" and has not shown "that these specific interests overc[o]me the presumption of access by outweighing the 'public interest in understanding the judicial process.'" *Id.* at 1181 (citation omitted). He has not indicated which portion of the 139-page transcript still contains sensitive information, why that information still merits sealing, and why a redacted version is insufficient to remedy the "interest favoring continued secrecy."

3

1  Farley has not met his burden.  Nor has he attempted to in any meaningful way. As such, this Court cannot grant the motion to seal.  *See id.* at 1182 (A "district court must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" (Citation omitted)).  Farley's motion to seal is, thus, DENIED.

## CONCLUSION

For the above-mentioned reasons, the motion to seal Exhibits 4 and 5 is DENIED.

Within forty-five days of the entry of this order, Davis will lodge the documents Farley alleges in ECF Doc. No. 37 are missing from the record.

**IT IS SO ORDERED.**

Dated: January 12, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge