UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD W. FARLEY,<br>Petitioner,<br>v.<br>RON DAVIS,<br>Respondent. | Case No. 16-cv-04443-PJH<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS AND DENYING MOTION TO STAY**<br><br>Re: Dkt. Nos. 41, 47, 48, 52 |

Pending before this Court are four motions: a joint motion for an extension of time in which to meet and confer regarding exhaustion; Davis's motion to dismiss the petition on the ground that it contains unexhausted claims; Farley's motion to stay the petition pursuant to *Rhines v. Weber*, 544 U.S. 269, 278 (2005), to return to state court to exhaust the unexhausted claims; and Davis's motion for clarification of a prior Order directing Davis to lodge certain documents requested by Farley. ECF Doc. Nos. 41, 47, 48, and 52. For the foregoing reasons, the joint motion for an extension of time is GRANTED; the motion to dismiss for failure to exhaust is GRANTED in part; and the motion to stay to return to state court is DENIED. The motion for clarification is GRANTED.

**BACKGROUND**

In 1991, petitioner was convicted in Santa Clara County Superior Court of seven counts of first-degree murder, five counts of attempted murder, one count of assault with a firearm, one count of second-degree burglary, and one count of felony vandalism for a shooting at his former workplace, Electromagnetic Systems Laboratory. The jury found

1  true the special circumstance allegations that six of the murders were committed while
2  Farley was engaged in the commission or attempted commission of a burglary and that
3  Farley was convicted of at least one crime of first-degree murder and one or more crimes
4  of first- or second-degree murder. The jury sentenced him to death on January 22, 1992.
5  The California Supreme Court affirmed petitioner's conviction and death sentence.
6  *People v. Farley*, 46 Cal. 4th 1053 (2009), rehearing denied on August 19, 2009. The
7  United States Supreme Court denied certiorari on January 25, 2010. *Farley v. California*,
8  559 U.S. 907 (2010).

While his direct appeal was still pending, Farley filed a state habeas petition in the California Supreme Court. The petition was denied on January 20, 2016. Mot. for Eq. Tolling at 3.

Farley filed a request for appointment of federal habeas counsel and stay of execution in this Court on August 5, 2016. This request was granted. ECF Doc. No. 5. His case was referred to the Selection Board for recommendation of counsel. Counsel were appointed on August 22, 2016. Farley obtained 198 days of equitable tolling in which to file an amended petition for writ of habeas corpus, which he filed on August 3, 2017. ECF Doc. No. 36.

The parties then engaged in the meet and confer process concerning exhaustion. They sought a thirty-day extension of time in which to conclude their discussions and file a joint statement. ECF Doc. No. 41.

After concluding the meet and confer process, the parties agreed that Farley had failed to exhaust Claims 2, 3, 5, 16, 21, 26, 27, 28, 29, 30, 31, 33, and 34. Joint Stmt. on Exhaustion at 3-4. The parties disagree regarding the exhaustion status of Claims 1.A, 1.C, 1.D, 1.E, 4, 6.H, 6.I, 6.J, 11, 12, 13.C, 13.D, 15, 18, 25, and 32. *Id.* at 4-6.

Davis filed a motion to dismiss the amended petition because it contains unexhausted claims. ECF Doc. No. 47. Farley opposes that motion and filed a motion to stay the case pursuant to *Rhines* so that he can return to state court to exhaust the unexhausted claims. Davis opposes the motion to stay.

**LEGAL STANDARDS**

**A. Exhaustion**

A federal court may not grant habeas relief until a petitioner has exhausted available state remedies with respect to each claim. 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 272 (1971). The exhaustion doctrine rests on principles of comity and federalism. *Rose v. Lundy*, 455 U.S. 509, 515 (1982). Exhaustion is required to: (1) protect the state court's role in the enforcement of federal law; (2) prevent disruption of state court proceedings; and (3) reduce piecemeal litigation. *Id.* at 518–20.

A federal constitutional claim is exhausted when it has been "fairly presented" to the highest state court and that court has had a meaningful opportunity to apply controlling legal principles to the facts underlying the claim. *Picard*, 404 U.S. at 276–77. A claim has been "fairly presented" if the petitioner described in state court both the legal theories and the operative facts on which he bases the claim. *Id.* at 277–78; *see Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir.1995).

To fairly present the legal theory of a claim, a petitioner must alert the state court that he is asserting a federal constitutional claim, either by citing the constitutional provision on which he relies or otherwise advising the court of the claim's federal basis. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). The factual basis of a claim has been fairly presented as long as the facts alleged in federal court do not fundamentally alter the nature of the claim, *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir.1994)), place the claim in a "significantly different and stronger evidentiary posture" than it was when the state courts considered it, or "substantially improve[ ] the evidentiary basis" of the claim. *Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir.1988).

In *Cullen v. Pinholster*, 563 U.S. 170 (2011), the Supreme Court held federal habeas review under 28 U.S.C. Section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *See id.* at 180-81 (holding district court erred in considering evidence introduced for first time in federal court).

3

**B. Stay and Abeyance**

The Supreme Court follows a rule of "total exhaustion," requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition. *Rose*, 455 U.S. at 522. When a petitioner files a petition which contains both exhausted and unexhausted claims, a court has three options: (1) it can dismiss the entire application without prejudice in order to allow the petitioner to return to state court to present his unexhausted claims; (2) it can delete the unexhausted claims from the petition so that the habeas proceeding can continue with only the remaining exhausted claims; or (3) in limited circumstances, it can stay the proceedings and hold the case in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir.2007). The stay and abey option was crafted in response to a problem resulting from the interplay between the total exhaustion requirement of *Lundy* and the one-year statute of limitations for filing federal habeas corpus applications. See 28 U.S.C. § 2244(d). If a federal court dismisses a mixed petition in order to allow a petitioner to return to state court to exhaust his claims, the AEDPA's one-year statute of limitations could bar review of his entire petition when he refiles it in federal court. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). A district court should grant a motion to stay and abey only if: (1) the petitioner has good cause for his failure to exhaust his claims, (2) the unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner intentionally engaged in dilatory tactics. *Id.* at 278.

**DISCUSSION**

Davis has filed a motion to dismiss Farley's petition for writ of federal habeas corpus in its entirety on the ground that it contains unexhausted claims. Farley admits that he has failed to exhaust thirteen claims. He disputes, however, that he failed to exhaust an additional sixteen claims or subclaims. Farley also argues that the petition does not need to be dismissed because he seeks a stay to return to state court to exhaust the unexhausted claims.

**A. Motion to Dismiss for Failure to Exhaust**

The parties agree that Farley has not exhausted Claims 2, 3, 5, 16, 21, 26, 27, 28, 29, 30, 31, 33, and 34. Joint Stmt. on Exhaustion at 3-4. The parties disagree regarding the exhaustion status of Claims 1.A, 1.C, 1.D, 1.E, 4, 6.H, 6.I, 6.J, 11, 12, 13.C, 13.D, 15, 18, 25, and 32.

1. **Claims 1A, 1C, 1D, and 4**

Claims 1A, 1C, and 1D all challenge trial counsel's failure to investigate and identify for the jury Farley's lifelong Asperger's Syndrome. The parties do not dispute that the legal basis for these claims has been presented to the California Supreme Court. Davis challenges the exhaustion status of them specifically on the ground that the attachment of Dr. Jolie Brams's declaration constitutes new evidence not presented to the state court that places the claims in a "significantly different and stronger evidentiary posture," such that it must be presented to the state court for exhaustion. Mot. to Dismiss at 8, quoting *Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988). Farley argues that despite the inclusion of the new evidence, he presented these claims to the California Supreme Court and included an expert declaration from Dr. Martin Blinder that also diagnoses Farley with Asperger's Syndrome.

Claim 4 challenges the trial court's denial of Farley's motion for a change of venue. Davis argues that Claim 4 is unexhausted because Farley has supported the claim with new reports. Farley contests that the new reports fundamentally alter the claim.

Farley is correct that the addition of the new declaration and the new reports does not place any of his claims in a significantly different or stronger evidentiary posture. However, following *Pinholster*, this evidence cannot be considered in the evaluation of his federal habeas claims unless he is able to show that the California Supreme Court's denial of Claims 1A, 1C, 1D, and 4 constituted an unreasonable application of clearly established federal law or an unreasonable application of that law to the facts before it. *Pinholster*, 563 U.S. at 185-86.

//

5

2. **Claim 1E**

Claim 1E argues that the cumulative impact of trial counsel's errors as alleged in Claims 1A through 1D deprived Farley of his constitutional rights. Davis says that Farley failed to exhaust this claim because he never presented it to the state court and because of the addition of evidence, discussed above, has changed the claims on which the cumulative error claim is based. Farley responds that the claim is exhausted because it does not constitute a separate claim.

A claim of cumulative error is a standalone claim that requires independent exhaustion. "Briefing a number of isolated errors that turn out to be insufficient to warrant reversal does not automatically require the court to consider whether the cumulative effect of the alleged errors prejudiced the petitioner." *Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir. 2008); *see also Solis v. Garcia*, 219 F.3d 922, 930 (9th Cir. 2000) (affirming district court's refusal to consider cumulative error claim because it was not fairly presented to the state courts). Because Farley did not present the cumulative error claim as a standalone claim, it is unexhausted.

3. **Claims 6H and 6I**

Claims 6H and 6I challenge, respectively, the trial court's admission of victim Black's testimony regarding the shooting injuries she sustained to her shoulder and videotape and photographs of the victims and crime scene. Davis asserts that the claim is unexhausted because Farley failed to present it to the state courts. Farley admits that he did not include these specific challenges to the trial court's orders in his state appeal or postconviction proceeding. Nevertheless, he argues that these claims constitute additional examples of an exhausted theory of relief. As such, he argues, they do not fundamentally alter his original claim of trial court error.

To exhaust the factual basis for a claim, "the petitioner must only provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (alteration in original). Farley presented none of the facts in the

1 additional examples to the state court.

2 The Ninth Circuit has found the need to exhaust in similar circumstances. *See Wood v. Ryan*, 693 F.3d 1104, 1117 (9th Cir. 2012) (general allegation that prosecutor engaged in "pervasive misconduct" does not alert a state court to separate instances of purported misconduct) and *id.* at 1120 (general allegation of ineffective assistance of counsel (IAC) is not sufficient to alert a state court to separate specific instances of IAC). Thus, Claims 6H and 6I are unexhausted.

### 4. **Claims 6J, 11, 12, and 32**

Claim 6J argues that if the errors described in Claims 6A-6I individually do not merit relief, then the cumulative impact of them does. Claims 11 and 12 are cumulative error claims for the entirety of the guilt phase. Claim 32 is a cumulative error claim for the penalty phase.

Davis argues that to the extent Farley intends for 6J to encompass the unexhausted subclaims above, Claim 6I also is unexhausted. Similarly, Davis argues that the addition of unexhausted claims regarding errors in both phases of the trial renders Claims 11, 12, and 32 unexhausted. Farley argues against dismissal noting that he can exhaust by returning to state court.

Davis's position is correct. The addition of Claims 6H and 6I render the cumulative trial court error claim in 6J unexhausted. And the overall addition of claims for both phases renders Claims 11, 12, and 32 unexhausted as well.

### 5. **Claim 13C, 13D, and 15**

Claims 13C, 13D, and 15 all challenge choices made during jury selection. In his federal petition, Farley has added examples of jurors who, he argues, should not have been excused from the jury or for whom his challenges for cause should have been granted. Between the three claims, Farley raises challenges to the handling of an additional six jurors. As with Claims 6H and 6I, Farley argues that these are merely additional examples and do not render the claim unexhausted.

//

By adding these new examples to his claim, Farley has not given "all of the facts necessary to give application to the constitutional principle upon which [he] relies.'" *Davis*, 511 F.3d at 1009. These claims are, thus, unexhausted.

6. **Claim 18**

Claim 18 challenges the constitutionality of the California death penalty statute's failure to require that the jury base its death sentence on unanimous, written findings regarding aggravating factors. Davis argues this claim is unexhausted because Farley failed to present his Sixth and Fourteenth Amendment claims to the California Supreme Court. In the federal petition, Farley states that the Sixth Amendment claim is unexhausted and he will seek a stay to return to state court for exhaustion purposes. Am. Pet. at 141. Farley now "retracts his statement in the Amended Petition that this claim is unexhausted with regard to the Sixth and Fourteenth Amendments and instead asserts that this claim was exhausted on direct appeal." Opp. at 15. Farley cites to the record for support.

The page Farley cites includes only the title of the larger claim under which the substance of Claim 18 was presented. The title does reference both the Sixth and Fourteenth Amendments (AG028618). However, a "drive-by citation," divorced from any articulated federal legal theory, is insufficient. *Castillo v. McFadden*, 399 F.3d 993, 1001, 1002 (9th Cir. 2005). Thus, this page citation does not support a finding of exhaustion.

At the introduction of the argument in the state appellate brief, Farley does argue that the failure of which he complains deprived him of his "due process" and Eighth Amendment rights. AG028658. The primary cases on which he relies in the state appeal raise Eighth and Fourteenth Amendment claims. *See California v. Brown*, 479 U.S. 538 (1987), *Gregg v. Georgia*, 428 U.S. 153 (1976). This is sufficient to notify the state court of his Fourteenth Amendment claim. Nothing, however, in the text of his brief would alert the state court to the fact he intended to raise a Sixth Amendment claim. Thus, it is unexhausted as to the Sixth Amendment claim, but exhausted as to the Fourteenth Amendment claim.

8

7. **Claim 25**

Claim 25 argues that the death qualification process for the jury is unconstitutional generally and as applied to Farley's case. In the petition, Farley states that the claim is unexhausted. Pet. at 161. He now argues that this claim is an extension of his claim regarding the general unconstitutionality of California's death penalty and the claim arguing that the unconstitutionality of the application of the death penalty to his particular case. He cites a portion of the appellate brief to support his exhaustion argument. *See* AG028605-10. Davis does not address Claim 25 in his reply.

A review of the state habeas section Farley cites reveals that both the factual substance and legal basis for Claim 25 were raised in Farley's state petition. The claim, thus, is exhausted.

**B. Motion to Stay Pursuant to *Rhines v. Weber***

Farley alleges that appellate and post-conviction counsel's ineffective assistance constitutes good cause for his failure to exhaust all unexhausted claims, that his claims are potentially meritorious, and that he has not been dilatory in pursuing the unexhausted claims. Davis argues that Farley fails to show good cause for his failure to exhaust, the unexhausted claims lack merit, and Farley was dilatory in raising them and, thus, does not meet the *Rhines* requirements for a stay. As discussed below, Farley does not meet those requirements.

Farley fails to show good cause for his lack of exhaustion. He cites generally appellate and postconviction counsel's ineffective assistance in failing to raise the unexhausted claims as cause. Mot. to Stay at 6, 9, 10, 11. He then moves on to a cursory discussion of the unexhausted claims to show that they are potentially meritorious and, therefore, meet the second prong of the *Rhines* stay requirement.

"An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." *Blake*, 745 F.3d at 982. In *Blake*, the petitioner argued that postconviction counsel rendered ineffective assistance by failing to exhaust a claim of trial counsel's ineffectiveness in failing to find or produce

9

evidence that Blake had been subjected to severe sexual and emotional abuse in childhood and that he "suffered from organic brain damage and disorders." *Blake*, 745 at 982. He "supported his good cause argument with evidence of his abusive upbringing and history of mental illness." *Id.* He also submitted a declaration from the investigator hired by the state postconviction counsel who said that the investigator's services were no longer needed, even though he had yet to interview any witnesses or complete his review of discovery materials. Additionally, Blake provided thirteen declarations from family and friends detailing the conditions of Blake's upbringing. *Id.* at 983.

Farley has presented nothing to support his general assertion of ineffective assistance of state postconviction counsel. He has not argued the deficiency of counsel's performance nor the prejudice with any clarity. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 94 (1984) (requiring a two-pronged showing for an ineffective assistance of counsel claim: first, a petitioner must establish that counsel's performance was deficient, *i.e.*, that it fell below an "objective standard of reasonableness" under prevailing professional norms; and second, he must establish that he was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). The parties disagree about what level showing Farley must make regarding the ineffective assistance of counsel; however, it is no matter because Farley has failed to make any showing.

Regarding his statement that appellate counsel also rendered ineffective assistance, the Court has reviewed Farley's Claim 2 in the Petition for Writ of Habeas Corpus alleging the ineffective assistance of appellate counsel for failure to raise meritorious claims on direct appeal in the hopes of obtaining a more thorough analysis of the allegations. It, similarly, is devoid of specifics, save for the fact appellate counsel failed to raise a Sixth Amendment challenge to his claim concerning the constitutionality of

California's death penalty statute.[1] He does not address why exclusion of such a claim could not be the result of a reasonable strategy. *See Jones v. Barnes*, 463 U.S. 745, 751-54 (1983) (appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant). Nor does he expand on the other claims appellate counsel failed to raise, why this constituted deficient performance, and how it prejudiced him.

Claim Three in the petition raises postconviction counsel's ineffective assistance. He states, again in a conclusory fashion, that postconviction counsel failed to provide effective representation because he failed to address appellate counsel's ineffectiveness. Pet. at 58 ("One specific example of this failure is that Farley's state habeas counsel did not raise any claims regarding the ineffective assistance of direct appeal counsel in his state habeas petition."). He also notes that postconviction counsel waited five months following the final order in Farley's state habeas to get Farley's signature on a request for appointment of counsel form, which is needed to initiate the federal habeas proceedings. None of this provides illumination into his good cause argument.

Farley does refer the Court back to the habeas petition for more specifics on the unexhausted claims themselves.[2] Mot. to Stay at 9. However, those that he acknowledges are unexhausted begin with the same cursory conclusion that the failure to exhaust was a result of appellate and/or postconviction counsel's ineffective assistance. This statement is akin to that rejected in *Wooten*, 540 F.3d at 1023-24, where the

---

[1] To the extent Farley relies on *Martinez v. Davis*, 566 U.S. 1 (2012), for the proposition that the ineffectiveness of state postconviction counsel to raise a claim of ineffective assistance of appellate counsel can provide a showing of good cause sufficient for a *Rhines* stay, the tenability of such an argument is unclear following the issuance of *Davila v. Davis*, 137 S.Ct. 2058, 2068 (2017) (holding that *Martinez* responded "to an equitable consideration that is unique to claims of ineffective assistance of trial counsel and accordingly inapplicable to claims of ineffective assistance of appellate counsel.").

[2] Farley's *Rhines* motion is not a *pro se* motion that is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers'."). He should include all specific arguments for relief within his motion and refer back to the petition in specific instances, as opposed to a general citation.

11

1 petitioner based his good cause argument on his own impression. *See Howard v. Davis*,
2 No. 08-06851, 2015 WL 13402141, at *5 n12 (C.D. Cal., Sept. 4, 2015).

The Court is left with no meaningful *Strickland* argument or support on which to base a decision. Accordingly, Farley has failed to show good cause for the stay. Because he must make a showing of all three *Rhines* prongs, he is not entitled to a *Rhines* stay and his motion is DENIED.

### C. Farley May Request a *King/Kelly* Stay

There are two kinds of stays available in a habeas action: the *Rhines* stay, discussed above, and the *King/Kelly* stay. *See King v. Ryan*, 564 F.3d 1133, 1141–42 (9th Cir. 2009), and *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). When, as here, a petitioner is unable to meet the requirements of a *Rhines* stay, the *King/Kelly* stay offers an alternative method to deal with a mixed petition.

Under the procedure outlined in *Kelly*, "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King*, 564 F.3d at 1134 (citing *Kelly*, 315 F.3d at 1070–71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must eventually show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141–43.

//
//
//
//
//

**CONCLUSION**

For the above-mentioned reasons, the Court finds as follows:

1) The joint motion for an extension of time in which to meet and confer regarding exhaustion is GRANTED;

2) Davis's motion to dismiss the petition is GRANTED only as to the unexhausted claims;

3) Farley's motion for a stay is DENIED;

4) Within thirty (30) days of the date of this Order, the parties shall meet and confer and prepare a revised litigation plan.

5) Davis's Motion for Clarification is GRANTED. To the extent Farley's request for production of documents exceeds what is required by Habeas Corpus Local Rule 2254-27(a), Davis is not required to produce those items.

**IT IS SO ORDERED.**

Dated: February 5, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge